UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARTFORD LIFE & ACCIDENT INS. CO., § § |
| Plaintiff, § |
| § |
| v. § Civil Case No. 3:16-CV-2083-L-BK |
| § |
| MARK PHELPS ANDREWS, § |
| CHARLES ANDREWS, § |
| Defendants. § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference*, Doc. 11, this cause is before the Court on the motion of Plaintiff, Hartford Life & Accident Insurance Company ("Hartford"), to obtain interpleader relief. Doc. 21. Neither Defendant filed a responsive pleading.

Hartford brought this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332 to request that this Court determine which putative beneficiary is entitled to the benefits ("Policy Benefits") provided under the policy of life insurance and accidental death and dismemberment benefits issued to Doris Andrews, Policy No. GL-395309 (the "Policy"). Plaintiff now moves for authorization to deposit the disputed Policy Benefits, totaling $130,000, into the Court's registry and be dismissed as a party to this action. Doc. 21; Doc. 22 at 2.

Upon consideration, Hartford's *Motion for Interpleader Relief*, Doc. 21, should be **GRANTED**. As such, the Court should **ORDER** that:

(1) Hartford is granted leave to deposit the total sum of $130,000 with the Clerk of the United States District Court for the Northern District of Texas ("Clerk") within 60 days of the date of this order;

(2) The Clerk accept Hartford's tender of the Policy Benefits and shall deposit the Policy Benefits in accordance with Rule 67(a) of the Federal Rules of Civil Procedure.

(3) Defendants are required to interplead their claims to the Policy Benefits if they have not done so already;

(4) Defendants are enjoined, preliminarily and permanently, from instituting or prosecuting any other action, suit, or proceeding against Hartford, Doris Andrews' insurance benefit plan, or Doris Andrews' employer in any other court relating to the underlying benefit plan or Policy Benefits;

(5) Hartford be dismissed with prejudice from this case and thereby released from any further liability for benefits payable under the Policy as a result of the death of Doris Andrews.  Upon the tender of the Policy Benefits to the Clerk, Hartford is not required to participate further in this proceeding except as required by court order or subpoena; and

Moreover, to avoid confusion, it is recommended that the parties be realigned to reflect that Charles Andrews is the Plaintiff, because he is the only party to appear and file an answer and claim that he is entitled to the Policy benefits, and that Mark Phelps Andrews, who has yet to answer or otherwise appear, is Defendant.

**SO RECOMMENDED** on January 4, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE