IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES ANDREWS,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:16-CV-2083-L** |
| **MARK PHELPS ANDREWS,** | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Realigned Plaintiff Charles Andrews'[s] First Amended Motion for Default Judgment as to Defendant Mark Phelps Andrews (Doc. 50), filed August 21, 2018. After careful consideration of the motion, brief, record, and applicable authority, the court **grants** Plaintiff Charles Andrews'[s] Motion for Default Judgment Against Defendant Mark Phelps Andrews (Doc. 50).

### I. Factual and Procedural Background

On July 18, 2016, Hartford Life and Accident Insurance Company of America ("Hartford") filed a Complaint in Interpleader (Doc. 1) against Defendants Mark Phelps Andrews and Charles Andrews. Plaintiff's Complaint sought to interplead contested death benefits ("Policy Benefits") of a life insurance policy pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332. Hartford filed the interpleader because Decedent Doris Andrews, at the time of her death, was enrolled under Policy No. GL-3950309 that was issued by Hartford. Under the Policy, Doris Andrews was insured for $15,000 in Basic Life Insurance; $100,000 in Supplemental Life Insurance; and $15,000 in Basic Accidental Death and Dismemberment. Doris Andrews

**Memorandum Opinion and Order – Page 1**

designated Mark Phelps Andrews, her husband, as 100% primary beneficiary and Charles Andrews, her father-in-law, as 100% contingent beneficiary. Doris Andrews died on January 8, 2016. Charles Andrews submitted a claim seeking the Policy Benefits on January 29, 2016. Mark Phelps Andrews has not waived any rights to the Policy Benefits he may have. Hartford filed the interpleader because it could not determine which beneficiary was entitled to the Policy Benefits and did not wish to risk exposure to multiple liabilities.

On September 16, 2016, Charles Andrews answered and filed a counterclaim against Hartford and a crossclaim against Defendant Mark Phelps Andrews (Docs. 7, 9, and 10). The court dismissed without prejudice Charles Andrews's counterclaim against Hartford on October 11, 2016 (Doc. 15).

Mark Phelps Andrews was properly served with the summons and Complaint in Interpleader on July 25, 2016, in accordance with Federal Rule of Civil Procedure 4(c), as evidenced by the Proof of Service filed with the court. Doc. 6, Decl. of Rebecca K. Bryant in Supp. of Pl.'s Rule 55(a) Request for Entry of Default as to Def. Mark Phelps Andrews ("Bryant Decl.") (Doc. 20-1). Mark Phelps Andrews failed to file an answer or otherwise respond to the Complaint in Interpleader within the time provided by Federal Rule of Civil Procedure 12, or anytime thereafter, which this court acknowledged in its order granting Plaintiff's Motion for Interpleader Relief (Doc. 29).

On December 5, 2016, Hartford filed Plaintiff's Motion for Interpleader Relief (Doc. 21). On December 20, 2016, Hartford requested that the clerk of court enter default against Mark Phelps Andrews pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.3 (Doc. 20). The clerk entered default against Mark Phelps Andrews on December 6, 2016 (Doc. 24), with

respect to Hartford's request. The court granted Plaintiff's Motion for Interpleader Relief on February 17, 2017 (Doc. 29) and ordered as follows:

> 1. Hartford is **granted** leave to deposit within **60 days** of the date of this order the total sum of $130,000, plus any and all accrued interest, with the Clerk of the United States District Court for the Northern District of Texas ("Clerk"), which represents the disputed policy benefits ("Policy Benefits") under the policy of life insurance and accidental death and dismemberment benefits issued to Doris Andrews, Policy No. GL-395309 ("Policy");
>
> 2. The Clerk **shall accept** Hartford's tender of the Policy Benefits and **deposit** the Policy Benefits in accordance with Rule 67(a) of the Federal Rules of Civil Procedure;
>
> 3. Defendants Mark Phelps Andrews and Charles Andrews ("Defendants") **shall** interplead within **60 days** any claims they have to the Policy Benefits if they have not done so already;
>
> 4. Defendants are **enjoined**, preliminarily and permanently, from instituting or prosecuting any other action, suit, or proceeding against Hartford, Doris Andrews's insurance benefit plan, or Doris Andrews's employer in any other court relating to the underlying benefit plan or Policy Benefits;
>
> 5. Hartford is **dismissed with prejudice** from this action and released from any further liability for benefits payable under the Policy as a result of the death of Doris Andrews. Upon the tender of the Policy Benefits to the Clerk, Hartford is not required to participate further in this proceeding, unless required by court order or subpoena; and
>
> 6. The parties are **realigned** such that Charles Andrews is Plaintiff, since he is the only party to appear and file an answer and claim to the Policy Benefits, and Mark Phelps Andrews, who has yet to answer or otherwise appear, is Defendant.

*Id.* On March 3, 2017, Hartford deposited into the registry of the court $130,440.32.

On April 17, 2017, Realigned Plaintiff Charles Andrews filed his First Amended Complaint and/or Cross-Claim against Defendant Mark Phelps Andrews ("Amended Complaint") (Doc. 31). At the instruction of United States Magistrate Judge Renée Harris Toliver ("Judge Toliver"), a copy of the Amended Complaint was sent via certified mail, return receipt requested, to Defendant Mark Phelps Andrews on August 8, 2017.

**Memorandum Opinion and Order – Page 3**

On July 25, 2017, Judge Toliver conducted a status conference pursuant to the Federal Rules of Civil Procedure (Doc. 33). Counsel for Charles Andrews appeared at the status conference. No other parties appeared. At the conference, Judge Toliver set a deadline of August 8, 2017, for Defendant Charles Andrews to file a motion for default judgment.

On August 8, 2017, Realigned Plaintiff Charles Andrews filed his Original Motion for Default Judgment as to Defendant Mark Phelps Andrews and Brief in Support (Doc. 34). The court, however, by its Order of August 10, 2017, denied without prejudice Realigned Plaintiff Charles Andrews' Original Motion for Default Judgment as to Defendant Mark Phelps Andrews as being premature (Doc. 35). The court ordered that Realigned Plaintiff Charles Andrews "cannot rely [or piggyback] on the service of Hartford's summons and Original Complaint . . . with respect to his own First Amended Complaint without first serving Defendant Mark Phelps Andrews with a summons and copy of the Cross-Claims or First Amended Complaint in accordance with Federal Rule of Civil Procedure 4." *Id*. at 3-4.

On April 5, 2018, the court ordered Realigned Plaintiff Charles Andrews to effect service on Defendant Mark Phelps Andrews by May 3, 2018 (Doc. 36), and Defendant Mark Phelps Andrews was served with a summons and copy of Realigned Plaintiff Charles Andrews' First Amended Complaint and/or Cross-Claim on May 3, 2018 (Doc. 42).

The court noted in its Order of June 19, 2018, that "the executed summons did not indicate that Defendant Mark Phelps Andrews was personally served or that a copy of the summons and complaint were left at Defendant's dwelling or place of abode with a person of suitable age who resided there, and that it was concerned that service as to Mark Phelps Andrews in the manner specified in the executed summons is not valid." The court, therefore, ordered Realigned Plaintiff Charles Andrews to: (1) file an amended executed summons that complies with Rule 4(e); (2)

**Memorandum Opinion and Order – Page 4**

provide the court with legal authority to support the manner in which service of the summons was previously effected; or (3) effect service in a manner that comports with Rule 4(e), or show the court good cause as to why service cannot be effected as to Defendant Mark Phelps Andrews by July 19, 2018 (Doc. 43 at 2). Defendant Mark Phelps Andrews was properly served with a summons and a copy of Realigned Plaintiff Charles Andrews' First Amended Complaint and/or Cross-Claim on June 27, 2018 in accordance with Federal Rule of Civil Procedure 4(e), as evidenced by the Proof of Service filed with the court (Doc. 48).

Defendant Mark Phelps Andrews is not in the active military or subject to the Soldiers and Sailors Relief Act of 1940. Bryant Decl. (Doc. 20-1). Defendant Mark Phelps Andrews has failed to file an answer or otherwise respond to Realigned Plaintiff Charles Andrews' First Amended Complaint served on him within the time provided by the Federal Rules of Civil Procedure.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court entered a default against Mark Phelps Andrews; however, such default was entered prior to him being served with a copy of Realigned Plaintiff Charles Andrews'[s] First Amended Complaint. To ensure that a default has been properly entered, the court by this opinion and order will enter default against Mark Phelps Andrews with respect to Plaintiff Charles Andrews'[s] First Amended Complaint. As stated previously, based upon the information in the record, Defendant Mark Phelps Andrews is not a minor, incompetent person, or member of the United States military, and he, although being duly served, has not served an answer or otherwise responded to the First Amended Complaint.

Accordingly, Mark Phelps Andrews is in default, and the court **directs** the clerk of court to enter default against Mark Phelps Andrews on the docket sheet.

Defendant Mark Phelps Andrews, by failing to answer or otherwise respond to the Amended Complaint, has admitted the well-pleaded allegations of the Amended Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

In his Amended Complaint, Charles Andrews asserts causes of action for tortious interference with a contract, declaratory judgment, and for funds interpleaded into the court. In his Amended Motion for Default Judgment, Charles Andrews seeks the full amount of the Policy Benefits and the full amount of funds paid into the registry of the court. He does not pursue his "tortious interference-with-a-contract" claim or request any relief regarding the claim. Accordingly, the court will confine its analysis to the declaratory judgment action and forfeiture claims.

On January 8, 2016, Mark Phelps Andrews was arrested for the murder of Doris Andrews and placed in the Tarrant County Jail. According to Hartford's pleadings and Charles Andrews's Amended Complaint, Mark Phelps Andrews has not waived any rights that he might be entitled to under the Policy Benefits. Charles Andrews seeks a declaratory judgment from the court, declaring that Mark Phelps Andrews's claims to the Policy Benefits are invalid and forfeited

because he was a principal or accomplice in bringing about the death of Doris Andrews, and Charles Andrews, therefore, is entitled to payment of the full amount of the Policy Benefits.

A person may commit the offense of murder in several ways. Two ways in which a person may commit the offense of murder are when he "intentionally and knowingly causes the death of an individual," or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Tex. Penal Code Ann. § 19.02(b)(1),(2) (West 2011). The indictment against Mark Phelps Andrews alleges both ways.

On March 1, 2018, a Tarrant County jury convicted Mark Phelps Andrews of murdering his wife Doris Andrews and sentenced him to life in prison. The case is on appeal. The court independently verified the murder conviction by accessing public records of Tarrant County, takes judicial notice of the conviction and appeal pursuant to Federal Rule of Evidence 201(b)(2), and **directs** the clerk of court to file the records of the state court regarding the indictment, conviction, and appeal pertaining to Mark Phelps Andrews. Under Texas law, "A beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in wilfully bringing about the death of the insured." Tex. Ins. Code Ann. § 1103. 151 (West 2009).

As previously stated, Mark Phelps Andrews's conviction is on appeal. That a conviction for murder is not final does not preclude a beneficiary's forfeiture of the Policy Benefits. *In Re Estate of Marygene Stafford*, 244 S.W. 368, 370 (Tex. App.—Beaumont 2008, no pet.). ("Section 1103.151 does not require a 'final conviction' before a beneficiary forfeits his rights to the [insurance] proceeds."). Further, a conviction for murder is conclusive as to whether a person acted wilfully in bringing about the death of an insured. *Francis v. Marshall*, 841 S.W.2d 51,53 (Tex. App.—Houston [14th Dist.] 1992, no writ). Moreover, the record establishes that Mark

**Memorandum Opinion and Order – Page 7**

Phelps Andrews knowingly and intentionally killed Doris Andrews by striking her with a hammer. This determination necessarily establishes that Mark Phelps Andrews acted voluntarily and illegally, as there is no evidence that he acted by accident or mistake, or that he acted in self-defense. The court does not know whether any such defenses were raised; however, if they were raised, the jury found no merit in them by returning a guilty verdict against Mark Phelps Andrews. Not only did Mark Phelps Andrews act knowingly and intentionally in causing the death of Doris Andrews, he acted illegally, and his conduct was thus wilful.

For the reasons herein stated, the court determines that more than a preponderance of the evidence exists to establish that Mark Phelps Andrews wilfully caused the death of Doris Andrews, and the court **orders** and **declares** that he has forfeited any rights that he has as primary beneficiary to the Policy Benefits made the basis of this action. The court, therefore, **orders** and **declares** that Charles Andrews as the contingent beneficiary is entitled to and shall receive all Policy Benefits deposited into the registry of the court on March 3, 2017, plus all accrued interest since the date of deposit. The court further **orders** and **declares** that Mark Phelps Andrews is foreclosed and prohibited from filing any claim for the Policy Benefits made the basis of this action and any claim made in this action by Charles Andrews.

## III. Conclusion

For the reasons herein stated, the court **grants** Realigned Plaintiff Charles Andrews' First Amended Motion for Default Judgment as to Defendant Mark Phelps Andrews (Doc. 50), and he is entitled to and shall recover the amount of **$130,440.32** deposited by Hartford into the registry of the court on March 3, 2017, plus all accrued interest on this amount from the date of deposit until date of entry of the court's judgment. The court will enter judgment by separate document,

as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of Charles Andrews.

**It is so ordered** this 3rd day of January, 2019.

                                                         Sam A. Lindsay
                                                         United States District Judge